IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BRIAN BEATTIE, ANGIE BEATTIE, on behalf of their Minor Daughter, A.B. | : : : : : : : : : : : : : : : : : | Civ. No. 4:13-CV-02655 (Judge Brann) |
| Plaintiffs, | | |
| v. | | |
| LINE MOUNTAIN SCHOOL DISTRICT | | |
| Defendant. | | |

**MEMORANDUM**
November 20, 2013

Before the Court is the Pennsylvania Wrestling Club, Inc.'s ("Movant")

motion to intervene (ECF No. 15) in the lawsuit filed by Brian Beattie and Angie

Beattie, on behalf of their minor daughter, A.B. ("Plaintiff"), against the Line

Mountain School District (ECF No. 1). For the reasons that follow, the Movant's

motion is denied.

**I.     BACKGROUND**

Brian and Angie Beattie (together, "the Beatties") filed a complaint on

behalf of their minor daughter, A.B., against the Line Mountain School District

1

("Line Mountain") to challenge Line Mountain's refusal to allow A.B. to participate on the wrestling team because of her sex.  Pl.'s Compl. ¶ 1, Oct. 28, 2013, ECF No. 1.  A.B. is a seventh grade student at Line Mountain Middle School.  Id. ¶ 7.  She began wrestling in third grade, and was a member of the LeMars, Iowa, Wrestling club in the fourth and fifth grades.  Id. ¶¶ 9–10.  There, she practiced with both boys and girls, and competed against boys, in approximately four tournaments per year with apparently considerable success.  Id. ¶ 10.

In the summer of 2012, the Beattie family moved to Herndon, Pennsylvania, and A.B. began attending Line Mountain Elementary School that autumn.  Id. ¶¶ 11–12.  During the 2012–2013 school year, A.B. wrestled on Line Mountain's youth wrestling team that was open to students through sixth grade, on which she practiced and competed against boys and another girl.  Id. ¶¶ 13–14.

A.B. wanted to continue wrestling when she began seventh grade at Line Mountain Middle School in the fall of 2013.  Id. ¶ 15.  Because the Middle School does not have a girls' wrestling team, Angie Beattie asked the wrestling coach if A.B. could participate.  Id. ¶ 17.  Coach Darin Keim allegedly responded that school policy prohibited girls from wrestling on the middle and high school teams, and that she would have to petition the School Board to change the policy.  Id. ¶

17. The School District's policy allegedly "prohibits female participation on male varsity, junior varsity and junior high interscholastic athletics, except when any such team is specifically designated a co-ed team by the administration with the formal approval of the School Board." Id. ¶19. Despite the Beatties' repeated petitions for the School Board to change the policy to allow A.B. to wrestle on the team, their requests were repeatedly denied. Id. ¶¶ 24–29. Consequently, the Beatties now challenge Line Mountain's policy under the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution and 42 U.S.C. § 1983, and the Equal Rights Amendment (ERA) of the Pennsylvania Constitution. Id. ¶ 1.

To the surprise of both parties, Pennsylvania Wrestling Club, Inc. recently filed the motion to intervene now under consideration. M. Intervene Pennsylvania Wrestling Club, Inc., Nov. 13, 2013, ECF No. 15 [hereinafter M. Inter.]. The Movant seeks to intervene as of right, pursuant to Federal Rule of Civil Procedure 24(a)(2), claiming that it has an indispensable interest in the litigation. M. Inter. ¶1. The Movant claims an interest both in protecting A.B. from injury resulting from wrestling with boys that may derail her potential future Olympic career (a prospect the Movant espouses), as well as a statutory duty given the structure of its organization to "protect the opportunity of any amateur athlete, coach, trainer,

3

manager, administrator, or official to participate in amateur athletic competition."
36 U.S.C. § 220503(8); M. Inter. ¶ 2, 3.

The Movant also seeks to join the Pennsylvania Interscholastic Athletic Association, Inc. ("PIAA") as a necessary party under Federal Rule of Civil Procedure 19(a)(1)(A). The PIAA is a statewide body governing scholastic athletics that maintains authority over all Pennsylvania school districts in the realm of athletics. Br. Supp. M. Intervene 5, Nov. 13, 2013, ECF No. 15 [hereinafter Br. Supp.]. Attempting to expand this case beyond the confines of the existing controversy, the Movant seeks to join PIAA so that it can persuade the Court "to exercise its 'broad' equitable powers . . . and compel Pennsylvania to . . . establish a statewide women's wrestling program." Id. at 6. The Court now considers the law in light of the Movant's requests.

## II. DISCUSSION

Federal Rule of Civil Procedure 24 regarding "Intervention of Right" provides that:

> [o]n timely motion, the court must permit anyone to intervene who . . . claims an interest relating to the property or transaction that is the subject of the action and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest unless existing parties adequately represent that interest.

4

FED. R. CIV. P. 24(a)(2).

"A movant seeking to intervene under Rule 24(a)(2) must satisfy the following requirements: "(1) the application for intervention is timely; (2) the applicant has a sufficient interest in the litigation; (3) the interest may be affected or impaired, as a practical matter, by the disposition of the action; and (4) the interest is not adequately represented by an existing party in the litigation." Benjamin ex rel. Yock v. Dep't of Pub. Welfare of Pennsylvania, 701 F.3d 938, 948 (3d Cir. 2012) (internal quotations and citation omitted). Furthermore, "[f]ailure to satisfy any one requirement precludes intervention of right." Haspel & Davis Milling & Planting Co. Ltd. v. Bd. of Levee Comm'rs, 493 F.3d 570, 578 (5th Cir. 2007); see also New York News, Inc. v. Kheel, 972 F.2d 482, 485–86 (2d Cir. 1992).

In the matter at hand, the most pertinent prong of this test is the existence of the applicant's "sufficient interest in the litigation," or the lack thereof. See Benjamin, 701 F.3d at 948. To intervene as a matter of right, an applicant's interest must be substantial, "capable of definition, and will be directly affected in a substantially concrete fashion by the relief sought." Kleissler v. U.S. Forest Service, 157 F.3d 964, 972 (3d Cir. 1988). "The polestar for evaluating a claim for intervention is always whether the proposed intervenor's interest is direct or

5

remote." Id.

Moreover, non-property interests, including even indirect economic interests, are often not sufficient to satisfy the interest requirement. See, e.g., Liberty Mut. Ins. Co. v. Treesdale, Inc., 419 F.3d 216, 226–27 (3d Cir. 2005) (holding that persons with claims against insured were not entitled to intervene in insurance coverage declaratory judgment action); Curry v. Regents of Univ. Of Minn., 167 F.3d 420, 422–23 (8th Cir. 1999) (finding, in a suit challenging the use of student fees for funding, an organization's economic interest in upholding a current fee system to fund student organizations was not a sufficient interest); New Orleans Pub. Serv., Inc. v. United Gas Pipe Line Co., 732 F.2d 456, 466 (5th Cir. 1984) (finding that city officials and customers did not have a sufficient interest to intervene in a dispute over price between the electric utility and gas supplier).

The Movant's "interest" in the litigation is not sufficiently specific, definite, or direct to warrant intervention as of right in this case. The Movant bases its request partly on the general notion that it has an interest in the wrestling skills of A.B. The Movant seeks to protect her wrestling ability from injury so that she may fulfill the Movant's dream of "a promising amateur wrestling career which the Olympic movement desperately needs." Br. Supp., at 6; M. Intervene ¶1. The Movant hopes A.B. will be an Olympian in the year 2024, when she will be

twenty-three (23) years old. This interest is substantially more remote than direct, and is not "a significantly protectable interest."[1] Donaldson v. United States, 400 U.S. 517, 531, 91 S. Ct. 534, 27 L. Ed. 2d 580 (1971). Consequently, it is not sufficient grounds to intervene.

The Movant also attempts to argue that its organizational structure imposes a statutory mandate to "protect the opportunity of any amateur athlete, coach, trainer, manager, administrator or official to participate in amateur athletic competition," which includes a duty "to encourage and provide assistance to amateur athletic activities for women." 36 U.S.C. §§ 220503(8), (12); M. Intervene ¶ 2. That may well be so. Nevertheless, if that interest is viewed as the foundation of the Movant's motion, it is "adequately represented by an existing party in the litigation," because the Plaintiff's requested relief would fulfill those obligations in this case and controversy. See, e.g., Benjamin, 701 F.3d at 948.

In actuality, it appears to this Court that the Movant is attempting to use the underlying narrow dispute between the parties as a *cause célèbre* to acquire relief that is substantially more expansive and significantly different than that which the

---

[1] Moreover, it is not clear that the Movant would have standing given the remoteness of its stated interest and potential injury, but that is generally considered a different analysis the Court does not reach here. Frempong v. Nat'l City Bank of Indiana, 452 F. App'x 167, 172 (3d Cir. 2011); Harris v. Pernsley, 820 F.2d 592, 602 (3d Cir. 1987); see also Diamond v. Charles, 476 U.S. 54, 68–69, 106 S. Ct. 1697, 1703, 90 L. Ed. 2d 48 (1986).

Plaintiff seeks. The existing parties to the litigation maintain differences in their own dispute, but neither supports the Movant's entry into this case.

The Movant's primary goal in attempting to intervene is to join the Pennsylvania Interscholastic Athletic Association, Inc. (PIAA) as a "Required Party" defendant in the lawsuit under Federal Rule of Civil Procedure 19(a)(1)(A), with the hope of obtaining an order from this Court mandating the PIAA to establish a statewide girls wrestling league. M. Inter. ¶ 3. The Rule reads:

> (1) ***Required party.*** A person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if:
>
> (A) in that person's absence, the court cannot accord complete relief among existing parties

FED. R. CIV. P. 19(a)(1). "Under the rule, a court must consider whether an absent party is 'necessary' and 'indispensable.'" Schulman v. J.P. Morgan Inv. Mgmt., 35 F.3d 799, 805 (3d Cir.).

Despite the Movant's assertions, the Court can "accord complete relief among existing parties" and need not join PIAA to do so. FED. R. CIV. P 19(a)(1)(A). The Plaintiff seeks only to wrestle on the existing wrestling team at Line Mountain—a result the Court can effectuate among the current parties if the merits of the case implore that resolution.

PIAA has not taken any actions to actively obstruct that result, nor does it have a stated policy that prohibits it. PIAA's own bylaws state: "PIAA has no rules that deal with the participation of boys and girls on the same athletic Team or with boys and girls Practicing together for interscholastic athletics. PIAA therefore does not prohibit such combined participation or Practicing." Pennsylvania Interscholastic Athletic Association, Inc. Constitution and Bylaws, 2013–2014, at 96. Consequently, PIAA does not impede the Plaintiff's requested relief, and the Court may provide it without joining PIAA as a defendant if the merits so warrant. The only party necessary to effectuate the Plaintiff's requested relief is the Defendant, Line Mountain School District, which has the policy established that impedes the Plaintiff's request. PIAA is neither necessary nor indispensable and shall not be joined.

## III. CONCLUSION

For the reasons discussed, the Movant's motion to intervene (ECF No. 15) is denied. An appropriate Order follows.

BY THE COURT:

/s Matthew W. Brann
Matthew W. Brann
United States District Judge