IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BRIAN and ANGIE BEATTIE, | : | Case No. 4:13-cv-02655 |
| on behalf of their minor daughter, | : | |
| A.B., | : | |
| | : | |
| Plaintiffs | : | (Judge Brann) |
| | : | |
| v. | : | |
| | : | |
| LINE MOUNTAIN SCHOOL | : | |
| DISTRICT, | : | |
| | : | |
| Defendant. | : | |

**MEMORANDUM**
December 16, 2014

The Plaintiffs' attorneys filed a second request for attorney's fees in this case. Without any forewarning despite numerous opportunities to communicate this imminent ensuing petition to the Court, the attorneys revive this issue that persists "[l]ike some ghoul in a late-night horror movie that repeatedly sits up in its grave and shuffles abroad, after being repeatedly killed and buried." Lamb's Chapel v. Ctr. Moriches Union Free Sch. Dist., 508 U.S. 384, 398 (1993) (Scalia, J., concurring). The attorneys failed to indicate that this fee issue's "most recent burial . . . was, to be sure, not fully six feet under." Id.

A mere fourteen days after the Court issued a Memorandum resulting from a laborious effort scrutinizing Plaintiffs' attorneys' billing records as the law

commands,[1] those attorneys filed this second request for fees (ECF No. 62). Defendant Line Mountain School District ("Defendant" or "District") filed a Brief in Opposition (ECF No. 63) and the Plaintiffs' attorneys filed a Reply Brief (ECF No. 64). For the following reasons, the Plaintiffs' attorneys' motion is granted.

**I.     BACKGROUND**

The underlying facts of the case are eminently familiar to all involved. Consequently, the Court only briefly reiterates and adds new salient facts. On October 28, 2013, Plaintiffs Brian and Angie Beattie filed this action on behalf of their minor daughter, A.B., claiming that Defendant Line Mountain School District's policy prohibiting female students from participating on the all-male junior high and high school wrestling teams was unlawful sex discrimination under 42 U.S.C. § 1983, the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution, and the Equal Rights Amendment of the Pennsylvania Constitution. See Pls.' Compl., Oct. 28, 2013, ECF No. 1. The Plaintiffs then filed a Motion for a Temporary Restraining Order and a Preliminary Injunction on October 30, 2013 (ECF No. 5).

The Court promptly granted the Motion for a Temporary Restraining Order, temporarily preventing Defendant from taking any action that would interfere with

---

[1] See Interfaith v. Cmty. Org. v. Honeywell Int'l Inc., 426 F.3d 694, 713 (3d Cir. 2005).

A.B.'s efforts to participate on the Line Mountain junior high wrestling team. See Ct. Order, Nov. 1, 2013, ECF No. 8. The Court then conducted a one-day hearing on the matter in consideration of the Motion for Preliminary Injunction on November 21, 2013. The Parties subsequently briefed the matter. The Court granted the Plaintiffs' Motion for Preliminary Injunction on January 13, 2014. See Ct. Order, Nov. 5, 2013, ECF No. 44. Thereafter, the Parties resolved the lawsuit and filed a Consent Decree on April 2, 2014 (ECF No. 58).

Regarding fees, Plaintiffs' attorneys filed their first request for attorney's fees on January 27, 2014 (ECF No. 47). On March 26, 2014, the Court conducted a telephonic status conference call with counsel for the Parties, pursuant to the Court's Order of February 7, 2014 (ECF No. 49). During the conference, the Court specifically inquired of all counsel participating in the conference, "is there anything else that I should know?"

Plaintiffs' attorneys then requested additional time from the Court to file supplemental declarations to support various fee requests, and to correct their misstatements in a prior filing concerning statistics of cases before the United States District Court for the Middle District of Pennsylvania. Despite the Court's inquiry, at no point during the conference or afterward did Plaintiffs' attorneys indicate that they continued to incur additional fees in this matter and that they

planned to file a petition subsequent to the initial request.

The Court granted Plaintiffs' attorneys' initial request in part on July 10, 2014, and awarded reasonable fees at appropriate rates (ECF Nos. 59, 60).[2] On July 24, 2014, Plaintiffs' attorneys' filed the second Motion for Attorney Fees that the Court now resolves (ECF No. 62).

## II. DISCUSSION

### A. <u>Attorney's Fees Legal Standard</u>

In <u>Alyeska Pipeline Service Co. v. Wilderness Society</u>, 421 U.S. 240 (1975), the Supreme Court of the United States reaffirmed the "American Rule" that each party in a lawsuit pays its own attorney's fees unless there is statutory authority altering this status quo. <u>Hensley v. Eckerhart</u>, 461 U.S. 424, 429 (1983). "In response Congress enacted the Civil Rights Attorney's Fees Awards Act of 1976, 42 U.S.C. § 1988, authorizing the district courts to award a reasonable attorney's fee to prevailing parties in civil rights litigation." <u>Id.</u> "The purpose of § 1988 is to ensure 'effective access to the judicial process' for persons with civil rights grievances." <u>Hensley</u>, 461 U.S. at 429 (quoting H. R. Rep. No. 94-1558, at 1 (1976)).

---

[2] After analysis under the applicable law, the Court found that the reasonable hourly rates in the Williamsport vicinage of this Court for the attorneys in this case are as follows: Abbe F. Fletman, $325 per hour; Nella Bloom $200 per hour; Joanne M. Kelley, $150 per hour; Terry L. Fromson, $250 per hour; Amal Bass, $150 per hour. <u>See</u> Ct. Mem., Jul. 10, 2014, ECF No. 60.

Accordingly, the Court retains discretion to award reasonable attorneys fees and costs to the prevailing party in civil rights litigation. The statutory authority for this discretion is 42 U.S.C. § 1988(b), which states:

> (b) Attorney's Fees
>
> In any action or proceeding to enforce a provision of sections 1981, 1981a, 1982, 1983, 1985, and 1986 of this title, title IX of Public Law 92-318 [20 U.S.C.A. § 1681 et seq.], the Religious Freedom Restoration Act of 1993 [42 U.S.C.A. § 2000bb et seq.], the Religious Land Use and Institutionalized Persons Act of 2000 [42 U.S.C.A. § 2000cc et seq.], title VI of the Civil Rights Act of 1964 [42 U.S.C.A. § 2000d et seq.], or section 13981 of this title, the court, in its discretion may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs . . . .

42 U.S.C. § 1988.

To merit an award of attorney's fees under this statute, a plaintiff must first establish that he was the "prevailing party." Hensley, 461 U.S. at 433. Next, the fees and costs must be reasonable. See 42 U.S.C. § 1988; FED. R. CIV. P. 54(d); Brytus v. Spang & Co., 203 F.3d 238, 242–43 (3d Cir. 2000). Once it is established that the plaintiff prevailed, the court must determine reasonable fees under the lodestar formula, which is the "number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." Hensley, 461 U.S. at 433; Pennsylvania v. Delaware Valley Citizens' Council for Clean Air, 478 U.S. 546, 554 (1986); Maldonado v. Houstoun, 256 F.3d 181, 184 (3d Cir. 2001). "The

amount of the fee, of course, must be determined on the facts of each case." Hensley, 461 U.S. at 429–30.

"A party entitled to a fee award is also entitled to reimbursement for the time spent preparing the fee petition, often referred to as 'fees on fees.'" Walker v. Gruver, 1:11-CV-1223, 2013 WL 5947623, *17 (M.D. Pa. Nov. 5, 2013) (Conner, C.J.) (citing Prandini v. Nat'l Tea Co., 585 F.2d 47, 53 (3d Cir. 1978)).  A request for attorneys' fees, however, should not result in a "second major litigation." Hensley, 461 U.S. at 437.

"The party seeking attorney's fees has the burden to prove that its request for attorney's fees is reasonable." Rode v. Dellarciprete, 892 F.2d 1177, 1183 (3d Cir. 1990) (Nygaard, J.).  "To meet its burden, the fee petitioner must 'submit evidence supporting the hours worked and rates claimed.'" Id. (quoting Hensley, 461 U.S. at 433).  Once the fee petitioner meets this *prima facie* burden, "the party opposing the fee award then has the burden to challenge, by affidavit or brief with sufficient specificity to give fee applicants notice, the reasonableness of the requested fee." Id.

"The district court cannot 'decrease a fee award based on factors not raised at all by the adverse party.'" Id. (quoting Bell v. United Princeton Props., Inc., 884 F.2d 713 (3d Cir. 1989)).  "Once the adverse party raises objections to the fee

request, the district court has a great deal of discretion to adjust the fee award in light of those objections." Id.

At present, the Court need only scrutinize the reasonableness of the hours requested by the Plaintiffs' attorneys on this second petition, because the Court already determined the reasonable hourly rates for the attorneys in this matter in its Memorandum in response to the first petition. See Ct. Mem., July 10, 2014, ECF No. 59; see also Walker, 2013 WL 5947623, at *17. "The district court should exclude hours that are not reasonably expended." Rode, 892 F.2d at 1183. "Hours are not reasonably expended if they are excessive, redundant, or otherwise unnecessary." Id.

### B.     Plaintiffs' Attorneys' Fee Requests Are Mostly Reasonable

In the motion *sub judice*, Plaintiffs' attorneys at the Flaster/Greenberg firm (namely, Abbe Fletman, Nella Bloom, and Joanne M. Kelley) claim to be entitled to $21,950.00 in additional attorney's fees compensation in this case. The Woman's Law Project attorneys (namely Terry Fromson and Amal Bass) claims an additional $6,190.00 in compensation.

In response to the Plaintiffs' attorneys' request, the District first argues that the Plaintiffs' attorneys waived their entitlement to additional fees by unnecessarily delaying their pursuit. Next, the District challenges many of those hours as being

excessive, redundant, unnecessary, or unreasonable. The Court addresses these issues in turn.

### 1.   Plaintiffs' Attorneys Did Not Waive Their Fee Entitlement

Without citation to relevant legal authority, the District attempts to assert that the Plaintiffs' attorneys' waived the fees requested in this second petition by unnecessarily delaying their pursuit. While this argument is persuasive as a matter of prudent legal practice, it is unavailing as a matter of law.

In this case, while the Plaintiffs' attorneys' were dilatory in submitting their second request for fees and were less than candid with the Court about their intent to pursue them, it does not rise to the level of a "second major litigation." See Hensley, 461 U.S. at 437. Almost *all* of the Plaintiffs' attorneys' work done on this case was complete and billed as of March 31, 2014. From January 27, 2014, the date of the first petition, to July 10, 2014, the date of the Court's Memorandum and Order resolving the first fee petition, the Plaintiffs' attorneys' at the Flaster/Greenberg firm billed 50.8 hours, generating total fees of $20,431.50, per the Court's calculation. See Pls.' Supplemental Motion Att'y's Fees, Exs. 2–4, Jul. 24, 2014, ECF No. 62 [hereinafter Pls.' Mot.]. In contrast, from July 11, 2014 to the filing of the motion *sub judice*, Flaster/Greenberg attorneys billed 6.3 hours, generating fees of $1,575. See id., at Exs. 5–7. The Woman's Law Project's last

hour billed on this matter was on March 26, 2014 according to their filings. See id.

The Court ruled on the initial petition for fees on July 10, 2014. For the better part of four months after they had concluded the vast majority of their work in this matter, the Plaintiffs' attorneys' did nothing to supplement their initial fee request or advise the Court of this subsequent request, requiring the Court to waste limited and valuable judicial resources to decide a second petition that could have easily been included as a supplement to the original petition and dealt with on one occasion.

There may be no *requirement* that a request for "fees on fees" be made before the underlying fee petition is adjudicated. Nevertheless, it is poor practice to surprise a busy Court that is eminently conscious of its duty to other well-meaning litigants awaiting justice, without providing any indication that a subsequent petition will be filed despite conversations with the Court after the first petition in which the undersigned inquired, "is there anything else that I should know?"

"All attorneys, as 'officers of the court,' owe duties of complete candor and primary loyalty to the court before which they practice. An attorney's duty to a client can never outweigh his or her responsibility to see that our system of justice functions smoothly. This concept is as old as common law jurisprudence itself."

Malautea v. Suzuki Motor Co., Ltd., 987 F.2d 1536, 1546 (11th Cir. 1993).

An attorney may offend her duty of candor by salient omission. See, e.g., Cleveland Hair Clinic, Inc. v. Puig, 200 F.3d 1063 (7th Cir. 2000) (upholding district court sanctioning attorney for, *inter alia*, failing to disclose relevant information). Judicial resources are limited. Candor from attorneys practicing before the Court contributes to the thoughtful application of these resources in efforts to achieve timely justice for all litigants. Lack of candor undermines this worthy aspiration.

Despite the Plaintiffs' attorneys' disregard of limited judicial resources, their behavior did not waive their entitlement to fees in this matter.

2. Reasonableness of Fees

The District challenges a number of the Plaintiffs' attorneys' hours in this fee request as being unreasonable, excessive, redundant, or unnecessary. "A prevailing party is not automatically entitled to compensation for all the time its attorneys spent working on this case; rather, a court awarding fees must decide whether the hours set out were reasonably expended for each of the particular purposes described and then exclude those that are excessive, redundant, or otherwise unnecessary." Interfaith v. Cmty. Org. v. Honeywell Int'l Inc., 426 F.3d 694, 711 (3d Cir. 2005) (internal quotations and citation omitted).

The United States Court of Appeals for the Third Circuit has concluded that, generally, a party challenging a fee request must only "submit briefs that identify the portion of the fee request being challenged and state the grounds for the challenge with sufficient specificity to give the fee applicants notice that they must defend the contested portion of their fee petition." Bell, 884 F.2d at 715. Furthermore, "the party raising such challenges, which affect an entire category (or several categories) of work, need only specify with particularity the reason for its challenge and the category (or categories) of work being challenged; it need not point to each individual excessive entry." Id. at 721.

As an initial matter, the Plaintiffs' attorneys' adjusted the starting point for this inquiry by retracting hours in their Reply Brief. The Flaster/Greenberg firm withdrew its request for one (1) hour of Attorney Kelley's time and one-half (0.5) hour of Attorney Fletman's time incurred to correct its error regarding litigation statistics. Pls.' Reply Br., at 6 n.2, Aug. 13, 2014, ECF No. 64. The Woman's Law Project withdrew its request for 1 hour of Attorney Bass' time spent on March 18, 2014. Id., at 6 n.3. Flaster/Greenberg then requested an additional 8.1 hours of Attorney Kelley's time while preparing their Reply Brief, adding $1,215 to their

total request of $22,852.50.[3]  The Woman's Law Project seeks a total of $6,040.

The District challenges the Plaintiffs' attorneys' request on a number of grounds that the Court considers in turn.  First, they allege overlap between hours claimed in their first petition and the hours claimed in this petition.  The Court conducted the required line-by-line analysis of the attorney billing records, and there are few overlapping hours.  While the date ranges for the billing records among the five attorneys involved in this matter for the Plaintiffs do overlap, the records reflect that the attorneys did not "double-bill" in this second petition for work they were compensated for after the first petition.  See generally Pls.' Supplemental Mot., Exhibits, Jul. 24, 2014, ECF No. 62; Pls.' Mot. Att'y's Fees, Exs., Jan. 27, 2014, ECF No. 47-5.  The District may have conflated work done by different attorneys on the same day within the period of overlapping dates.  There is no duplicate work requiring a reduction in hours on this point.

Next, they allege unnecessary duplication between sophisticated attorneys on simple work that does not merit extensive review.  Although the Court reduced

---

[3] Curiously, this contemporaneous request for the work done on the brief filed at the time of the brief was exactly the sort of information that could have been included in the Plaintiffs' attorneys' original fee request.  That would have allowed the Court to dispose of this issue with finality on one occasion.  After suggesting that supplying this information with near-contemporaneous filings at the time of the initial request was an onerous and unreasonable proposition, the Plaintiffs' attorneys did that very thing with this request in their Reply Brief.  Pls.' Reply Br., at 2, 6.

the number of duplicative hours that Attorneys Fletman and Fromson worked on the same documents in response to their first request for fees, the billing records submitted with this current request do not display the same unreasonably redundant overlap of work. Accordingly, after close scrutiny, the Court declines to reduce the hours expended by these attorneys because the work done appears reasonable.

Third, the District alleges that Attorney Kelley's time spent preparing and drafting a joint case management plan along with written discovery requests should be struck because the work ultimately proved unnecessary when the case was stayed and settled. The Parties agreed to stay the matter for forty-five days to attempt a resolution, which was successful and obviated the need for the plan or discovery. Nevertheless, the record indicates that Attorney Kelley worked on these matters in January 2014. The case was stayed on February 4, 2014. Accordingly, this time is compensable.

Fourth, on February 18, 2014, Attorney Kelley spent one-half (0.5) hour researching Local Rules and drafting a certificate of non-concurrence. The Court discerns no reason why this task was unnecessary, as the District certainly did not consent to the Plaintiffs' attorneys' motion. Accordingly, this task is compensable.

Fifth, the District argues that Attorney Bass' time should be struck because her time entries are generic and non-descriptive. On March 17 and 18, 2014, Amal

Bass entered a total of 4.1 hours working on "Reply to D's brief in opposition to fees." This is certainly a vague description. Does it mean that Attorney Bass researched issues relating to the Plaintiffs' attorneys' Reply Brief? Does it mean that Attorney Bass drafted the Reply Brief? Does it incorporate both of those activities?

The scrivener's personal experience in private practice includes clients that will not pay for such vague time entries that fail to specify precisely the work done at that time. Nevertheless, the 4.1 hours spent on tasks related to the Plaintiffs' attorneys' Reply Brief is not an unreasonable amount of work. The Court is more understanding of the laborious task of documenting billable hours than many corporate clients, and will not deduct seemingly honest labor for lack of specificity affecting so few hours.

The District also asserts that the Court should reduce the Plaintiffs' attorneys' fee award because their last fee petition was only of limited success. The District conflates the focus of the legal standard on this issue, which is concerned not primarily with the Plaintiffs' attorneys' success on their last fee petition, but with the Plaintiffs' success on the merits in the underlying litigation. <u>See, e.g.</u>, <u>Institutionalized Juveniles v. Sec'y of Pub. Welfare</u>, 758 F.2d 897, 910–15 (3d Cir. 1985). The Plaintiffs were successful on the merits and their

attorneys are legally entitled to fees.

The Plaintiffs' attorneys withdrew hours subject to the District's other arguments. Accordingly, the Plaintiffs' attorneys' billed hours are not unreasonable and they are legally entitled to compensation, notwithstanding the imprudent manner in which they submitted the request.

### III. CONCLUSION

For the foregoing reasons, the District shall compensate Flaster/Greenberg's attorneys in the amount of $22,852.50. The District shall compensate the Women's Law Project attorneys $6,040.

An appropriate Order follows.

BY THE COURT:

s/ Matthew W. Brann
Matthew W. Brann
United States District Judge